## Samuel Levin v. Sol. Sieff, Appellant.

Argued April 21, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*J. K. Spurgeon,* and with him *H. S. Dumbauld,* for appellant.

*A. E. Jones* of *Jones, Whitehill & Lane,* and with him *Charles A. Tuit,* for appellee.

OPINION BY TREXLER, P. J., July 10, 1930:

This is a suit for commissions for the sale of real estate by Levin, a licensed broker. His story is that Sieff told him he wanted to buy the Umbel property and that if he could get it for $45,000, he would give him $500. When the deal was finally closed at that figure, Levin states that Sieff told him that he should try to get some of the commissions from Judge Umbel, the vendor. "Try to get one-half of it, it will be easier for me." Judge Umbel gave him $100 voluntarily without being under any legal obligation so to

do, and Levin, instead of asking Sieff for $500, demanded only $400 and for that sum the present suit was brought. Levin testified that he had not asked Judge Umbel for any commission before the sale was effected. His first talk with Umbel was when at the direction of Sieff, he went to see him in regard to the property. He states he did not represent Umbel in the matter at all.

Sieff denied ever employing Levin. Judge Umbel's version of the affair is that he entrusted the sale of property to Levin, agreeing to pay the usual commission, if he received $50,000. Afterwards he reduced the price to $47,500, agreeing to pay one-half the usual commissions and finally when the price was fixed at $45,000, it was to be net, Levin to receive nothing. His story agrees with Levin's in that the payment of $100 to him after the sale was consummated was entirely voluntary on Umbel's part, the reason for Levin asking for it being that Sieff was not to pay anything and Levin ought to have a little something for his time and trouble.

The trial judge instructed the jury as follows: ''If you find from a fair preponderance of the credible testimony that the defendant agreed to pay him (Levin) $500 if he secured for him the property for forty-five thousand dollars and that acting under this agreement he did effect the purchase from Umbel for that price and that at the instance and request of the defendant he secured from Umbel $100 to be credited on the $500, then the plaintiff, Levin, would be entitled to recover the $400 with interest thereon from May 16th, 1927, and this should be given to the plaintiff in your verdict.'' This, we all think, was not a correct statement of the law as applied to the facts in the case. The fact that Levin performed the service for Sieff which he bargained to perform does not necessarily carry with it the right to recover. He could not serve both masters. If he did this, he cannot re-

cover from either. If Levin was endeavoring to sell for Umbel and to buy for Sieff, representing both at the same time without disclosure of the fact to both, he was acting in bad faith and his position in the matter from the start was wrong to both parties. No broker, agent or middleman can recover for services which uncover double dealing. Perfect good faith must appear in order that recovery may be had. The court should so have instructed the jury that to recover from Sieff, he must not only perform the services contracted for, but must exercise good faith to his principal. There are a number of cases which sustain this principle. Everhart v. Searle, 71 Pa. 256, is a leading authority and has been repeatedly cited. Among the latest cases are Johnson v. Nippert, 294 Pa. 464 and Quell v. Boyajian, 90 Pa. Superior Ct. 386.

The judgment is reversed with a new venire.